EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO POLANCO, acusado y apelante.

No. 3986.—*Sometido:* Febrero 21, 1930. *Resuelto:* Marzo 3, 1930.

*Juan Valldejuli,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se acusó a Pedro Polanco de que "ilegal, voluntaria y maliciosamente, vendía, ofrecía y tenía en venta y transportaba como buena, con el fin de dedicarla al consumo humano, leche adulterada con agua," en la fecha y sitio expresados en la acusación. Celebrado el juicio la corte condenó al acusado a pagar veinte y cinco dólares de multa.

Sosteniendo la apelación que interpuso, el acusado por su abogado archivó un largo alegato y argumentó extensamente en el acto de la vista del recurso alrededor de la insuficiencia de la prueba. Analizada ésta creemos que demuestra de modo terminante que en el puesto de leche con licencia a nombre de Domingo Alvarez situado en la calle Mayol, Parada 26, Santurce, en la madrugada del 19 de junio de 1929 se tenía y ofrecía a la venta y en efecto se vendió por el acusado que en ese momento era la única persona que se encontraba a cargo del depósito leche adulterada con agua.

La prueba de la defensa consistió en varios testigos, entre

ellos Domingo Alvarez y el propio acusado, que declararon que el acusado que vivía en los altos de la casa en que estaba el depósito, bajó a comprar una leche y como Alvarez no tuviera menudo salió a buscarlo, saliendo también el peón, quedando el acusado a súplicas de Alvarez al cuidado del puesto y así se encontraba cuando llegaron los inspectores de sanidad. La versión no fué creída por la corte. Ella contradice la presunción que surge de los actos mismos del acusado al colocarse al frente del puesto no meramente a vigilar sino a vender leche como aseguran los testigos de cargo. La corte no estaba obligada a aceptar como cierta la versión del acusado y resolvió el conflicto en pro de la presunción sin que se haya demostrado que al actuar así lo hiciera movida por prejuicio, pasión o parcialidad o cometiera error manifiesto.

Se observan algunas contradicciones entre los testigos de cargo. Fueron repreguntados extensa y hábilmente por el abogado que defendió al acusado en el juicio quien es el mismo que formula el alegato y esas contradicciones se hacen resaltar en éste, pero no estamos convencidos de que sean esenciales y de que destruyan la fuerza probatoria de dichos testigos.

Con respecto a la prueba de la adulteración parece tan evidente que ni se discute siquiera.

*Debe confirmarse la sentencia recurrida.*